Please be seated. Ron, this case on the docket. 2-14-0921 The M.O. of Harris Bank, N.A. formerly known as Harris, N.A. at the signing of the Federal Deposit Insurance Corporation as receiver for Ann Shore Bank, N.A. Plaintiff, Hellant The Wolverine Properties, LLC at all Defendant, Hellant Arguing on behalf of the Plaintiff, Hellant Attorney, Mr. Kirk Carlson Arguing on behalf of the Plaintiff, Hellant Attorney, Mr. Robert Black Thank you. Mr. Carlson You may proceed. Good morning, Your Honor. May it please the Court, Counsel, I'm Kirk Carlson. I represent the appellant, BMO Harris, as assignee of FDIC, receiver for Ann Shore Bank. This commercial mortgage foreclosure case was decided on summary judgment. The individual defendants were named in the foreclosure action as well, in which the bank sought concurrent liability on the guarantees executed by the individual defendants. The three land trusts were the actual mortgagors. Counsel, will you explain how section 15-15-12 applies to this case, please? Your Honor, we believe that 15-1505 and 1508 are controlling in this case, and we believe that is primarily because those sections provide for the authority to include advances, expenses, and costs in a final judgment that are incurred during the foreclosure process prior to the date of sale. We believe that is actually the controlling authority in this case. Not 15-12? That's correct. What's the point of getting a judgment, then? Your Honor, the point of getting the judgment allows the mortgagee to proceed with sale, determining that there is liability under the underlying mortgage, and promisory note, and it allows the parties to proceed towards sale. The point of 1505, Your Honor, is to establish a cutoff date, and if you will, 1505 is not so much a date as it is an event, by which time the fees, costs, expenses, advances are cut off as of the date of sale. Anything that is incurred as of the date of sale, Judge, is, Your Honors, is inerts to the benefit of protecting the collateral of the mortgagee. Anything after the date of sale inerts to the benefit of the buyer at that sale. If I recall, the mortgage doors were 5 years in arrears. Is that correct? Your Honor. And the payment of rent, $20,000 or $30,000 each monthly installment, at least insofar as income is concerned? That is correct. Well, why couldn't you just get a judgment for $20,000 or $30,000, or whatever the payment was that was the first indication of a breach, and then let, after sale, go in and get a deficiency for the rest? I think the point is, Your Honors, is to establish the liability under the note in the mortgage and the principal and interest that it had accrued, and by reason of the default and the acceleration provisions under the note in the mortgage, to quantify best as you can the damages that had accrued. But didn't you know the total damages prior to that? I mean, you knew you paid the taxes. Actually, the bank did not know at the time we filed the motion for summary judgment in January of 2013 that we had paid the taxes because the bank at that time had not paid the taxes. The taxes were actually paid July of 2013. The summary judgment was actually entered and ruled upon in August, one month later in August of 2013. That's my point. You had to know at the time the judgment was entered that you paid the taxes, correct? At the time the judgment was entered, but not at the time we filed our motion for summary judgment in which we set forth what our damages were. When we filed the motion for summary judgment, that was in January of 2013. Was it possible to amend it? Well, that was not a final judgment. It was an interlocutory judgment. And in the summary judgment order that the court entered, the summary judgment order actually provided for the reservation of the liability as to the guarantors and the issue as to the damages at confirmation. And so based on that order, based on the timing of the filing of the motion for summary judgment, the timing of the payment of the taxes and the interlocutory basis of the judgment... Right, but I think the question was, couldn't you have amended the judgment? Yes. Or amended your complaint? We could have done either. But our position is that the statute provides for a cutoff date, and it would not be necessary to make that amendment of the complaint. What cutoff date do you think you are telling us you want us to determine? The statutory cutoff. No, I don't think so. I don't think the statute says, the cutoff date will be the date of the filing of the motion for summary judgment, because that's what you've been arguing to us, I believe. The statutory cutoff is... No, the point is that your argument to us has been that everything was copacetic, nothing hit the fan until after the motion for summary judgment was filed. So if we are to go back in time and set a benchmark by which you are no longer injured, it's the date of the motion for summary judgment, is it not? It is not. Or the day after the motion for summary judgment? It is not. When is it then? It surely isn't the date of the entry of the judgment, correct? It is the date of the sale. The date of the sale. Then what's the point for having a judgment if it's the date of sale? The point of the judgment is not to establish a final judgment and to determine the exact amount of the money damages portion of the judgment. That is not the point of the judgment of foreclosure and sale. Then how do you determine whether there's a surplus if supposedly the date of the sale is the date you determine whether there's a surplus? That's a very good question, Judge. The surplus or deficiency is determined at sale and at confirmation. Would you say that the deficiency or the surplus is the difference between the judgment and the sale amounts? I would not say that. What would you say? I would say that the final determination is all of the costs, expenses, advances should be included in the amount added to the judgment, and really the sale is going to act as a credit against all of those amounts and reduce the judgment by the amount that was bid at sale, whether it's by the bank or by a third party. In what section of the statute do you claim that that's where it's for? 1505 and 1512. Okay, thank you. Is there any case law to support your position? Yes, there is. Yes, there is. What is it? Actually, from this very court, Bank of America v. Higgin, it actually set forth... What? Very erudite opinion. I'm sorry? It's a very erudite opinion. Now, now, now. I don't know how to respond to that, Judge. You could say I'm self-effacing. Wasn't there a slight difference in the sense that in that case the mortgagee was the purchaser? Actually, I... At least that's the way the opinion was written, that it was the purchaser. I think there are two very clear authorities that can be relied upon. The first is the actual statute of 1505 states during a foreclosure and any time prior to sale a mortgagee may pay when due installments of real estate taxes. So I think it's very clear that at any time prior to sale those amounts can be paid and added to the judgment. Well, where does it say added to the judgment? That I think we've got to turn to 1512, Judge. Okay, well, let's do that. And 1512 really sets forth the distribution and how the credit is actually provided for. So which part are you pointing to in 1512? 15-1512. Right. Well, Your Honor, I don't have that right in front of me. I'd like to come back to that. I do. Well, I do, too. Do you, sir, copy? Yes, please. Actually, 1512 under B, the reasonable expenses of securing possession before sale, holding, maintaining, and preparing the real estate for sale, including payment of taxes. I think that speaks to what may be allowed in terms of the sale and what may be added to the judgment. I'm sorry. I didn't mean to cut you off. That's okay. How do you distinguish subsection C, then, that specifically talks about foreclosure judgment? The foreclosure judgment does not, in and of itself, set the – is, number one, not a final judgment. It's not – it's only an interlocutory judgment, which may be modified based upon additions or subtractions. But you – we've established you never attempted to amend that judgment, correct? I don't believe that the judgment needed to be amended. I think the natural process of the mortgage foreclosure process is the judgment allows one to go forward and have the sale. And it's based on the best information you have available. Now, there may be some items that may be added to that judgment or subtracted from that judgment. Subtracted from that judgment is the credit, the amount that was bid at sale, and added to that judgment are those advances, fees, and costs up to the date of sale. It's essentially a moving target. And the only thing that stops that moving target is the statute and the case law interpreting that statute that says prior to the date of sale, the date of sale is the operative date when those things stop. Because, as I said, the – prior to that sale, we're talking about preservation of collateral. After sale, we're talking about entering to the benefit of the buyer. Could I have my statute back? Oh, I'm sorry. It's okay. Thank you. Thanks, Bob. So you're saying the language in 1512 – I'm sorry, we just took it away from you. The proceeds resulting from a sale of real estate shall be applied in the following order. The reasonable expenses of sale is A, and then B, the reasonable expenses of securing possession before sale. That's the section you were referring to. So if we look at the monies available to satisfy what the statute requires, if there's a deficiency, although the word deficiency doesn't appear in here, what happens? If the proceeds aren't enough, then what? Then a judgment is then entered against the borrower and guarantors for any balance that might remain due in owing. And that's pursuant to what section? Where does it say that in the Foreclosure Act? I believe, Your Honor, that that's – I don't know the answer to that right now. What in the contract leads you to conclude that the guarantors would be separately liable for the amount of these taxes that were paid? And what authority do you have for that? We believe that there are two errors committed, one being the interpretation of the statute, the other being the court finding that if there's no deficiency, there can be no money damages awarded under the guarantee. We don't believe that that's the law. Cancellation, discharge, release, or satisfaction of a direct obligation of a borrower is but one prong of the test as to whether or not a guarantee may be held responsible or accountable or liable for any deficiency or balance due on that obligation. The second very important prong of that test is the existence of express contractual language, and in this case, in the guarantee, that makes clear that the guarantee obligations survive such an event, survive the cancellation, discharge, or release. And that can be found in Riley v. Dexter, a 2011 case out of the First District. If it survives the event, it's only relevant that it survives the event if there's a deficiency. Because if there's a surplus, how are you going to hold the guarantor as liable for anything? If there's a surplus, then there should not be a deficiency. If there's a surplus so that the entire obligation is paid, there should not be a deficiency. Well, why couldn't theoretically there be a surplus and still be a liability under your argument? Because if the surplus is $1 more, but it doesn't cover all the monies that you claim that are still owed you, because you claim that you're entitled to $100 after the fact and the surplus is only $5, then supposedly you should be entitled to $95 to go against the guarantors. Are you not arguing that logically? Yes, I am arguing that logically, but I'm saying that that would be if that $100 arose prior to the date of sale. It could be any time during the foreclosure process, but if it did not arise and be paid prior to the date of sale. When you say the $100 arose prior to the sale, I'm talking about $100 surplus. So you're talking about the $100 expense that supposedly, pardon me, not the $100 surplus, it would be a $5 surplus. So you're saying that if this expense arose between the judgment and the sale, then your logic is correct, but it wouldn't apply to any expense that wasn't covered by the judgment of foreclosure that might factor into an expense for purposes of offsetting the surplus? I believe that any amount that is expended, whether it's pre or prior judgment, is going to be included. I don't think date of judgment is the operative event or date by statute or case law. I believe the date of sale is, and I think the statute expressly states that. Once a motion to confirm a sale is filed, isn't the court's discretion limited either to confirming the sale or pursuant to one of the sections in 1508B vacating the sale? Isn't that all the court can do? Yes, the court at that time is limited to determine whether or not the sale is conscionable. But there are some other considerations that the court takes up, and that is whether or not there was a payment of taxes, expenses, fees, costs, whether or not those were commercially reasonable improvements. And in all those cases, the court found in this case in the confirmation of sale order that the mortgagee's costs, advances, and expenses were all approved, confirmed, and ratified in the confirmation order. Subsequent to the confirmation order, the court also found that the payment of the real estate taxes by the appellant, by the plaintiff in the other case, was they were commercially reasonable improvements. And it's without question that all those taxes were paid prior to the date of sale. Didn't the trial court say something in effect that there was $10,000 or $15,000 in deficiency that she would have ruled on despite her ruling that the taxes were not considered to be part of the deficiency? I'm not sure if that was part of the discussion during the argument, if the court referred to that during argument. I know that the final ruling and decision was that the judge had determined that there was no deficiency, therefore there would be no judgment entered against the guarantor's force. So I don't recall there being a reservation of $15,000 on that issue. I think the court speaking to its order found that there was no deficiency, therefore there would be no liability as to the guarantor's. And I think that's where we think the error is. We think the error is here that the court did have the authority to modify an interlocutory order to add to it those advances, expenses, and costs that accrued during the foreclosure process prior to the date of sale. I wasn't sure if I heard the time. I was so engrossed I didn't hear it. Any other questions? No. Thank you. You'll have an opportunity to make rebuttal. Thank you, Your Honor. Mr. Black. Good morning, Your Honors. Good morning. May it please the court, my name is Robert G. Black. I am appearing on behalf of Defendants Appellees in this matter. Bottom line here, this case is about the sanctity of the judgment and integrity of the sale. Way back in 1907, the Abbott case that we talked about that we cited in the brief said, as a matter of public policy, there has to be stability in all judicial sales. So does that mean the only time taxes are recoverable is when they are included in the judgment? I would say that they need to be included in the judgment or they need to be requested before it goes to sale. And then it's authorized before sale. What about the taxes that are paid after the foreclosure judgment? Taxes after the foreclosure judgment. Well, I'm going to go straight to what I believe here is the second major point here. If you don't ask for it, you don't prove it up. You don't attest to it somehow. You're not entitled to it. Which means that if you pay the taxes afterwards or after the judgment was entered, it's your position that it's still too late because it was a debt that was incurred prior to the date of judgment? The fact that it was satisfied is irrelevant. Correct. Okay. What we have here are real estate taxes that were paid before the judgment. Before the judgment of foreclosure. Yes. The point is the liability or the back taxes that accrued, accrued before the judgment date, did they not? Yes. Except for possibly any additional penalties and interest that might have accrued between the date of the judgment and the date of sale. Correct. So, under your position, would it be safe to say that they're not entitled to the back tax payment for the expenses, except for the amount of penalties and interest that arose between the date of the judgment and the date of the sale, if they, in fact, had made a request for tax indemnification? I think they have to make the request. They have to make the request at some time. Here they did not make any request at all. When? Pardon me? When would that be done? Well, here, because it was paid before the judgment, then the request should have been made, the assembly judgment motion, the attestation should have been amended before the time of judgment. So you don't think 1505 and 1508 covers it, as counsel argued? 1505. Okay, 1508. Once the motion to confirm the sale is filed, 1508 controls. I agree with your Honor. So that's where everything is going to be directed. What can the court do consistent with 1515-08? 1505 says during a foreclosure prior to sale, the mortgagee may pay installments of real estate taxes. That talks about prior to sale. It doesn't talk about anything else but prior to sale. So I guess technically that language there, meaning prior to sale, is what it is. But none of those things happened here. They didn't ask for it prior to sale. They didn't ask for anything prior to sale. We had a judgment in August of 2013, and then the bank and the sheriff's sales conducted February 2014. And remember, there's all the peculiar or particular, I won't say peculiar, but particular procedural things that are available in a foreclosure action, periods of redemption, all that kind of stuff. So what happened here is the only thing that the court had before it was the attestations with regard to the motion for summary judgment that said, okay, here's what we're due under the note. Here's $17,000 in attorney's fees, period. End of story. Didn't come back and amend anything. Didn't come back and attest to anything. Didn't come back to the trial court with, you know, we've paid $460,000 in real estate taxes before the judgment. We have paid this. We have these some extra $81,000 in attorney's fees, which I never have seen in this record identified in terms of what was involved, when it was involved, when they were incurred. No court ever talked about any reasonableness here. None of this was ever brought to the attention of the trial court until after the motion to confirm the sale,  but it was never raised in terms of here's a supplemental affidavit. Here's something I'm going to prove up in terms of the $460,000 in real estate taxes and X amount in attorney's fees. All right. But doesn't 1508 say the confirmation order may also, and this is subsection 1, besides approved mortgagees' fees, et cetera, those costs and fees to be allowable to the same extent as provided in the note and mortgage? Mm-hmm. And in section 15-1504, weren't these costs provided for in the note and mortgage? No, I don't believe so, Your Honor. I'm going to turn to 15-1504-F, and what they're asking for here, bottom line, is a deficiency. That's what I read from their briefs. That's what I heard this morning is a personal deficiency from the guarantors after everything. 15-1504-F says, if there's any request for a personal deficiency judgment on a foreclosure complaint, it may be made if the sale fails to produce an amount sufficient to pay the amount found due. The amount found due here is the judgment, 3.5 million. The bidding at sale is 3.6 million. 3.6 million is the 3.5 million plus some interest. That's the basic way we can look at it. There is no deficiency because the amount found due by the trial court was 3.5, and the amount bid at sale was 3.6. And remember what goes on with one of these sheriff's sales here, and this is, again, going to the sanctity and integrity of the judicial sale. And I'm going to go back to what Abbott says. You want public policy here is stability in all judicial sales because you don't want to incorrectly induce purchasers, and you don't want to give someone else an unfair inside advantage. So the people that receive notice of this sheriff's sale or judicial sale, they know that there's a judgment for 3.5 million. There's nothing there about a half a million dollars in attorney's fees and real estate taxes, nothing. So they come in that day prepared to bid on a judgment for 3.5 million. They're going to bring in whatever they need to bring in, whether it's 20 percent or whatever, of whatever the amount they feel is going to be bid on that judgment. Now, let's say some third party, not the bank, bid the 3.5 million. So what's the bank going to do then? They're going to come back and say, oh, I'm sorry. There's an extra half a million dollars here that we didn't tell you about, we didn't tell the court about. It wasn't reduced to judgment. It's not part of the notice of sale. It's not part of anything that you've seen up until the judicial sale, but we want it from you now. Well, they don't want it from the purchaser. They want it from the guarantor. Well, they're, okay. They want it from somebody. But the person who's buying it, all of a sudden there's an extra half a million dollar lien that they weren't aware of, if their argument is accepted and follows through. Is your recollection of the record that the judge said something to the extent that it was a $12,000 or $15,000 deficiency or something like that? I honestly, as you mentioned that, Your Honor, I honestly do not recall that being part of the conversation. So I'm sorry that I can't answer that more directly. If the bank had made the argument that the sale should have been vacated because the sale was unpassionable because it didn't include the $500,000 in taxes, what would your response have been at that time? At that time, that would have been, after they filed a motion to confirm raising that, that that would have been an attempt to have this addressed by the trial court through 15-1508. That's one of the four prongs, I believe, that you can look at in terms of what would be going on there. But it didn't happen. Never happened. They just say that here's 1505, and 1505 says during a foreclosure, prior to sale, the mortgagee may pay the installments of real estate taxes. Okay. No dispute there. 1515.12 says how the proceeds are to be applied. But you still have to go back to what do we have here? What did they ask for? What did they get? I'm not aware of anything that says in foreclosure law you don't have to prove up your damages and then have that assessed later against what's a surplus or what's a deficiency. But in the complaint, didn't they seek an independent personal judgment against the guarantors under these guarantees apart from the judgment of foreclosure? Yes, they did. But what they are seeking is a deficiency. And where is the deficiency? Well, that's what you're labeling it. Why must it be labeled a deficiency? I think that's what they've labeled it, Your Honor, respectfully. But where is the liability? Where is the deficiency? Where is the responsibility if under 1504F the amount found due by the court as asked for, as requested, as attested to is 3.5 million and the sheriff's sale upon bid is 3.6 million? I'm not sure where they get the ability. So what you're saying is it has to come out of that pot? Pardon me, Your Honor? It has to come out of that amount? Yes. This is what they asked for. This is what they proved up. Well, they pled it separately in the complaint, did they not? Well, they pled generally the right to a recovery under the guarantee. But where does this ability to get this excess come from when this went to sheriff's sale and when they moved to confirm that sheriff's sale? We would have to have the opportunity to respond or do something with that regardless. 71,000 or 81,000 returning fees from October 2012 to whatever, certainly we'd like to look at what's the reasonableness. But it's never been addressed. It's never been brought forth. It's never been set out. When were these fees incurred? How were they incurred? Nothing. There's nothing to that respect. Well, there was seven months of litigation. Well, seven months of litigation, $81,000, I'm not sure. I'm not sure. But there's nothing there. They didn't make the request when they should have or could have. Now, we did talk about Section 15-1508. I do want to make sure of one thing. The household bank case that we cited, Bank of America v. Higgins case that we cited, and also the McCluskey case that we cited all talk about the fact that when you move to confirm sale, it's 15-1508. And I guess I also go back to Judge McLaren's question during the appellant's portion. What's the point of getting a judgment? If you get the judgment here and you have the sheriff's sale based upon that judgment and notices based upon that judgment, where does the rest of this come from? Would you argue that 15-1508 is the only mechanism to amend the judgment amount? I'm not sure. For things that arise after judgment but before sale? Okay. After judgment, before sale, once the motion to confirm is filed. Because my reading of this is once the motion to confirm is filed, 15-1508 takes over. Right. Okay. And I'm not sure exactly what they're asking to do after the sheriff's sale and then upon the motion to confirm the sale. Are they looking to vacate? Are they looking to amend? They talk about amendment. I don't know how you amend after you've gotten the judgment and going to sale on that judgment. Are you going to vacate the sheriff's sale then, the judicial sale? Is that what you're looking to do? I don't know. I don't know. I don't know the mechanism. And I'm not sure what they, honestly, I'm not sure what they have been attempting to do. They say we're not doing a motion to vacate. We don't have anything to do with a motion to vacate. You can't raise 15-1508 as to us and the McCluskey case as to us because that's the only motion to vacate under 213-01. Well, I don't know what they're trying to do after judgment and sale and then upon a motion to confirm. I don't know what their mechanism is. Is there a reasonable argument to be made that the sale might have come out differently had the judgment been for an amount including the taxes? I think there's a reasonable argument to make that if things had been different and things had been set forth completely that the amount bid would have been different. We don't know what went into this bid amount. We don't know what kind of appraisals they had. We don't know what kind of valuation they had. Maybe the property was worth far more and appraised out of far more than the judgment amount. We don't know all this stuff. So we don't know what they would have bid. Had they gone back in the court on a timely basis and said, look, we also have paid attorney's fees under 15-1505. I'm sorry. Real estate tax is under 15-1505. So let's, you know, we want the court to look at that, pass off on it, and we'll go to sheriff's sale in that fashion. It didn't happen. So we don't know what they would have bid, and we don't know the rationale for why it was that they bid what they did, if they thought they were getting a deal or not a deal. We don't know that. And certainly I think that had the circumstances been different, had things been timely done, the bid amount probably would have been different. Resulting in no deficiency again? Resulting in no deficiency again. Okay. I'm done. Thank you, Mr. Buck. Thank you, Your Honor. We will ask that the judgment be affirmed. Thank you. Mr. Carlson. Yes, Your Honor. What I heard from Appley is that some conversation regarding whether or not this would impact the sale. The defendant, Appley, never contested the sale, never filed a motion to vacate the sale, never sought to set the sale aside. Their entire... Well, respectfully, why would they do that? They won on the trial court level. Why would they want to vacate the sale then? Well, if they thought the sale was improper, if they thought the sale was not properly done to include the taxes. No, I asked him if the judgment had been for the 3.5 plus the taxes that were paid, would you then think that the sale would have been different? It was somewhat of a hypothetical, and I apologize if I was not clear. I think where the appellant is, we've got fairly clear statutory language that allows for the inclusion of advances of taxes, fees, and costs up to the date of sale. We believe that that was erroneous for the court to believe that they did not have authority or jurisdiction to modify the judgment order to include those advances, expenses, and costs in a final judgment when the statute provides for it. We also believe that even if the court believes that the trial court didn't make that error, we think that there's another error here in that the court did not properly take into account the guarantee language. The guarantee language is a separate, distinct obligation, and it is not tied directly to the deficiency. The terms of the guarantee dictate the obligations and responsibilities between the parties. So even if the borrower's obligation were somehow extinguished, if the express language of the guarantee survived the non-enforceability, if you will, of the borrower's obligation, the guarantees specifically and expressly provided for that contingency, so that if that was unenforceable, it would still be enforceable against the guarantor. So your position is that the guarantors would be responsible for any deficiency? That's your bottom line? They would be responsible for any deficiency is one way to put it. It would be another way to put it, but they'd be responsible for any other damages that were sustained by the plaintiff bank. How can you establish damages if the trial court determined there was no deficiency? You can establish damages by the trial court making the inquiry of liability on the guarantee and damages arising from that guarantee. And by the way, there was an evidentiary hearing, there was an evidentiary component to the underlying case where the trial court did take testimony relative to the attorney's fees. I was actually a witness in that evidentiary hearing. So we think that... Could we go back a minute? Where do you contend the statute provides for recovery of this? We know we're talking about 1505. We know what that says, that the OG can pay the taxes. Okay. Where do you go next? 1508? Yes, 1508. Okay. And what in that language, the confirmation order may also, what are you relying on specifically? The language that states... B-1? I believe upon confirmation of the sale, the judgment stands satisfied to the extent of the sales price, less expenses and costs. To the extent of the sale price, less expenses and costs. If I understand your argument correctly, anytime there's a half million dollars in payment for taxes or any expenses between the judgment and the sale, that will result in a deficiency because it wasn't included in the judgment of foreclosure, which is the criteria upon which the sale is determined to be either deficient or a surplus. Is that correct? It's close, Judge. And what is your fine-tuned determination? My fine-tuning would be that the statute does not cut off, nowhere in the statute does it cut off judgment date as the defining moment. It cuts off date of sale as the defining moment. And that is so because it's a moving target, that by the time a party files a motion, and this is going to happen, and this is going to have far-reaching effect because the way this works in the mortgage foreclosure cases is the summary judgment motion is filed, the relief request is in there. By the time the hearing is held, things happen. It's not always just taxes. Sometimes it's a receiver. Sometimes it is repairs. Sometimes it is replacing an HVAC unit or dealing with heating problems. Right, but your taxes were paid before the judgment. They were paid about one month before judgment. Before is before. I mean, right? It's before, whether it's a day before or a year before. They were paid before the judgment. And when you look at, and then I'll stop talking and I'll give you a chance to answer, but under the confirmation of sale, you talked about deficiency judgments. Don't those talk about pursuant to the judgment of foreclosure? Well, the judgment of foreclosure. What's the point of putting any kind of a dollar amount on the judgment of foreclosure for purposes of a sale when it doesn't mean anything? It has some meaning in it, and the meaning that it has is that it's determining liability as between the borrower and the principal. Okay, that's the judgment, but the dollar amount. The dollar amount. You're trying to establish the principal and the interest that's accrued. Not every expense is going to be able to be captured by the time you're reaching judgment. Sometimes the repairs, sometimes tax. Right, but those would be, if it's after the judgment and prior to the confirmation hearing, you're entitled to ask for those. We would be, but then we get into a slippery slope, and that slippery slope is it may have accrued, a bill may have been sent, it had not yet been paid, but it's paid prior to sale. And I think the legislature, when they created this process, identified that this is not a perfect world where if it's paid the day before we go to judgment. But yours was paid lots and lots of days prior to this confirmation hearing. In this particular case. Are we stuck with the facts we have? And by the statute we have, yes, I think so, because this not only applies in this case, but it also applies if the bill is, if there is a bill paid, let's say it accrued a day or a week or a month before, but it wasn't paid until the date of sale. What you're interpreting in the statute, though, it seems to me that when you start using the statement prior to sale, then a day or two before or after the judgment of foreclosure, which you told us is virtually irrelevant for your purposes, means that prior to sale could mean six years ago. It could mean, like I said, you get a judgment for the first delinquent payment, and everything else is something that's prior to the sale. Isn't that the essence of your argument? Anything prior to the sale is something by which you're entitled to recover. As a matter of confidence. And, therefore, the judgment under your argument would be valid. This wouldn't be unconscionable if the first delinquent payment was $10,013, and that's all you asked for in the motion for a summary judgment on a judgment of foreclosure, then you could come back and ask for $3 million or $4 million on the basis that it's prior to the sale. I think I understand what Your Honor is saying, and if I can address that briefly. Did you break your glasses or did they come apart? They did come apart. I do break a lot of them, which is why I went to this route. Judge, I do understand your concern. I do understand the issue, and I think if I can address it this way, it might help. The judgment that is entered has no bearing on the value of the property. It has no bearing on whether or not the sale is conscionable. The amount of the judgment has no bearing on that whatsoever. I agree with you that the value of the property is immaterial because the property could have been worth $10 million, so what? Or $10,000. It has no bearing on the conscionability of the sale whatsoever. And you follow that to a logical conclusion. The judgment itself, with the amount that is set forth in the judgment, also has no bearing on the amount of the sale. In fact, the inclusion of the taxes or not has no bearing on whether or not the sale was reasonable or conscionable. That just conscionability of the sale gets strictly to whether or not the sale is conducted properly and whether the value is disputed as to conscionability. That's the standard on conscionability, what the guarantors are obligated to pay. And by the way, guarantors who remained in possession of the property post-judgment, post-sale, as between those guarantors who did not pay taxes, who were well aware of the taxes and understood that there is liability for real estate taxes, as between those guarantors who continued to operate business out of this property post-judgment, post-sale, post-confirmation, and continued in possession of the property and got the benefit of that property, should they be responsible for the taxes up to the date of sale? Or should the taxpayers or the bank be responsible for those taxes? Up to the point of sale, up to the point of sale, and here I think is... Okay, but you paid the taxes and then basically didn't tell anybody about it until we got to the confirmation hearing. That's not true. That's actually not true. Did you come to court and ask for any type of compensation for that payment of taxes prior to the confirmation hearing? The payment of the taxes was included in the report of sale filed by the sheriff. It was in our motion to confirm the sale. It was in the receiver's reports of sale. The court, the trial court itself, confirmed, ratified, and approved those payments. Except the taxes. The taxes, as a property owner, the property owner was well aware of the approval of those taxes. This was not a surprise. The only surprise was the taxpayer was being held accountable for it. It wasn't a surprise that they were being taxed or that they were receiving the benefits of the property. The surprise was that we were going to be held accountable for it because this was going to foreclosure and they hadn't paid taxes in so long or mortgage payments in so long that a party was going to hold them responsible for taxes pursuant to the statute and pursuant to the express language of the guarantees. Any other questions? Thank you. Time has expired. We have no further questions. We'll take the case under advisement. Court's adjourned. Thank you very much.